## MILLSPAUGH a. PUTNAM.

*Supreme Court, First District; Special Term, January,* 1863.

ACKNOWLEDGMENT OF TRUST.—GIFT.—DELIVERY.

Where C. F. deposited money in bank to her own credit, "in trust for C. F. M.,"
—*Held*, that this fact raised a presumption that it was the money of C. F. M.
Even as a gift, the transaction is sufficiently definite and complete to be absolute.

Trial by the court.

This action was brought by Philip Millspaugh, as executor of Charlotte Fuller, against Lewis Putnam, George B. Morse, and fifteen others, to obtain the direction of the court in regard to his trust and the distribution of the estate. Among other questions which arose in the case was the following :—The testatrix had deposited in the Greenwich Savings Bank $395 to her own credit, "in trust for Charlotte Fuller Morse." Charlotte Fuller made no mention of this sum in her will. Charlotte Fuller Morse died shortly after the testatrix; and the question now arose whether this money should go to the residuary legatees, or to the representatives of Charlotte Fuller Morse.

*Philip Millspaugh,* plaintiff, in person submitted the facts, and asked the direction of the court.

*D. Noble Rowan,* for the defendant Morse.—I. The presumption arising from the fact that the money was C. F. Morse's is not rebutted by the plaintiff.

II. As a gift, the appropriation was complete; the intention to give, the act of giving, and the delivery are complete. The donor parted with her money, and never sought to recall it. (Witzel a. Chapin, 3 *Bradf.*, 386; 2 *Black. Com.*, 441.)

III. Delivery is a question of fact. (Grangiac a. Arden, 10 *Johns.*, 293.) The delivery need not be to the donee in person. A delivery to a third party for the use of the donee is sufficient.

(Coutant *a.* Schuyler, 1 *Paige,* 316; Hunter *a.* Hunter, 19 *Barb.,* 631; *Willard's Eq. Jur.,* 555.) A formal delivery is not essential, if there be any act evincing the intent. (Penfield *a.* Thayer, 2 *E. D. Smith,* 305, 311; Brinckerhoff *a.* Lawrence, 2 *Sandf. Ch.,* 400; Smith *a.* Maine, 25 *Barb.,* 33; 2 *Kent's Com.,* 439.)

IV. The distinction between a gift *inter vivos* and a *donatio causa mortis* no longer existing, and the deceased not having revoked the gift in life, the gift became absolute at her death. (3 *N. Y.,* 114.)

CLERKE, J.—Taking the bank-book, which is the only evidence presented to the court in relation to the deposit of $395, the only person who can have had a beneficial interest in it is Charlotte Fuller Morse, or her representatives. Charlotte Fuller, the testatrix, deposited this money in the bank, declaring it to be for the use of Charlotte Fuller Morse, and to be placed there in trust for her; and accordingly directed that the book should be prepared, and the entries made, in conformity with these facts. For they are facts, and not mere intentions or promises. The testatrix never made any counter-declaration to this, and did not allude to it in her will. It was a thing accomplished, which required no further direction or explanation. Both the testatrix and Charlotte Fuller Morse are dead, and for aught that appears the money may have come originally from some other source than from the pocket of the former; all that we can say is that she declared it to belong specifically to the latter. Nothing has been presented to the court to authorize it to counteract this assertion or admission of the testatrix; and even if the money originally belonged to her, her appropriation of it is sufficiently definite and complete to make it a gift.

Judgment accordingly.